**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION

This document relates to:

18-cv-09840 and 18-cv-09841

MASTER DOCKET

Case No. 1:18-md-02865-LAK

**NOTICE OF MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED EXPERT REPORTS, OPINIONS AND TESTIMONY OF GRAHAM WADE**

PLEASE TAKE NOTICE that, upon the Declaration of Brandon R. Dillman dated June 6, 2022 and all exhibits thereto, the accompanying Memorandum of Law dated June 6, 2022, any reply papers filed in support, and all prior pleadings and proceedings herein, the defendants in the ED&F Bellwether Actions[1] (American Investment Group of New York, L.P. Pension Plan; Riverside Associates Defined Benefit Plan; Acer Investment Group, LLC; Robert Crema; Stacey Kaminer; and David Schulman) and third-party defendant ED&F Man Capital Markets, Ltd., by their undersigned attorneys, will move this Court, before the Honorable Lewis A. Kaplan, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21B, at a date and time to be determined by the Court, for an order pursuant to Rules 403 and 702 of the Federal Rules of Evidence, excluding the proposed expert reports, opinions

---

[1] The ED&F Bellwether Actions are *Skatteforvaltningen v. Riverside Assocs. Defined Benefit Plan, et al.*, Case No. 1:18-cv-09840-LAK (S.D.N.Y.) and *Skatteforvaltningen v. Am. Inv. Grp. of N.Y., L.P. Pension Plan et al.*, Case No. 1:18-cv-09841-LAK (S.D.N.Y.).

<u>Memorandum Endorsement</u>    In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

Some time ago, defendant Acer and third-party defendant ED&F moved to exclude the reports, opinions, and testimony of plaintiff's proposed expert, Graham Wade.[1] In consequence of other priorities in this multidistrict litigation, the Court denied the Acer-ED&F motion without prejudice to renewal at a later time. Subsequently, the Court proceeded to try a large number of consolidated actions involving defendants other than Acer and ED&F ("Trial 1"). In connection with that trial, some or all of the defendants also moved to exclude Mr. Wade's evidence, a motion that the Court denied.

With Trial 1 now behind us, Acer and ED&F, among others, are set for trial to commence on April 7, 2026 ("Trial 3").[2] Accordingly, the Court reinstates the previously denied Acer-ED&F motion to exclude Mr. Wade's evidence and now resolves it.

This memorandum first will summarize the grounds on which Trial 1 Defendants sought to exclude Mr. Wade's evidence and why the Court denied their motion. It then will address the grounds on which Acer and ED&F seek to exclude Mr. Wade's evidence.

*The Trial 1 Defendants' Motion to Exclude Mr. Wade's Evidence*

Trial 1 Defendants moved to exclude Mr. Wade's proposed testimony because, they argued, it would go to the ultimate issue of whether Trial 1 Defendants held real Danish shares, received real dividends, and made misrepresentations to plaintiff. Trial 1 Defendants furthermore claimed that Mr. Wade's proposed testimony would have required knowledge of foreign law that Mr. Wade lacked and in any event would have been an improper subject for expert testimony. Finally, Trial

---

[1] This memorandum endorsement applies to the Trial 3 Case to which Acer and ED&F are parties, 18-cv-5053, and to the Non-Trial 3 Cases in which Acer and ED&F originally filed the motion, 18-cv-9840 and 18-cv-9841.

[2] The Trial 3 Cases are 18-cv-5374, 18-cv-5053, and 18-cv-8655.

The Non-Trial 3 Cases are 18-cv-4430, 18-cv-4047, 18-cv-4522, 18-cv-4531, 18-cv-4049, 18-cv-5045, 18-cv-4050, 18-cv-5057, 18-cv-4536, 18-cv-4538, 18-cv-4541, 18-cv-4052, 18-cv-4051, 18-cv-4543, 19-cv-1922, 19-cv-1928, 19-cv-1926, 19-cv-1929, 19-cv-1931, 19-cv-1800, 19-cv-1803, 19-cv-1809, 19-cv-1812, 19-cv-1818, 18-cv-4771, 18-cv-10119, 18-cv-10125, 18-cv-10122, 18-cv-10126, 18-cv-10124, 18-cv-10123, 18-cv-10073, 18-cv-10080, 18-cv-10069, 18-cv-10070, 18-cv-10028, 18-cv-10071, 18-cv-10031, 18-cv-10030, 18-cv-10063, 18-cv-10074, 18-cv-10032, 18-cv-10076, 18-cv-10035, 18-cv-10036, 18-cv-10039, 18-cv-10064, 18-cv-10049, 18-cv-10077, 18-cv-10065, 18-cv-10060, 18-cv-10096, 18-cv-10061, 18-cv-10082, 18-cv-10083, 18-cv-10086, 18-cv-10066, 18-cv-10062, 18-cv-10088, 18-cv-10090, 18-cv-10093, 18-cv-10094, 18-cv-10091, 18-cv-9549, 18-cv-9511, 18-cv-9498, 18-cv-9507, 18-cv-9497, 18-cv-9489, 18-cv-9491, 18-cv-9439, 18-cv-9552, 18-cv-9434, 18-cv-9490, 18-cv-9841, 18-cv-9797, 18-cv-9836, 18-cv-9837, 18-cv-9838, 18-cv-9839, 18-cv-9840, 18-cv-10100, 18-cv-9565, 18-cv-9570, 18-cv-9588, 18-cv-9668, 18-cv-9665, 18-cv-10137, 18-cv-10118, and 18-cv-10127.

2

1 Defendants argued that Mr. Wade's duty of confidentiality to a former employer improperly could preclude adequate cross-examination of him at trial.

The Court denied the Trial 1 Defendants' motion largely because an expert opinion is not "'objectionable just because it [would] embrace[]' – or, at least, closely bear upon – 'an ultimate issue' to be decided by the jury."[3]  The Court ruled that Mr. Wade's testimony about the fictitious nature of the trades he examined, the absence of real dividends, and Trial 1 Defendants' tax reclaim applications containing misrepresentations "would not constitute impermissible expert testimony as to legal conclusions" because such conclusions were based on Mr. Wade's "analysis of representative financial transactions" and "his experience with industry customs and practice."[4]  Finally, the Court determined that Mr. Wade's "duty of confidentiality likely would not impair materially his ability to answer cross-examination questions," "those areas of cross-examination that might be effected would have, at most, minimal relevance," and "the Court would be empowered to compel responsive answers" if necessary.[5]

*The Acer-ED&F Motion*

Acer and ED&F argue that Mr. Wade is unqualified to render expert opinions regarding cum-ex trading, that his opinions would constitute improper testimony on defendants' state of mind, the law, or both, and in any event that his opinions are inconsistent and unsupported and therefore unreliable.  Taking each argument in turn, it appears that the Court either explicitly or implicitly rejected such grounds for excluding Mr. Wade's testimony already or that the objection to Mr. Wade's testimony goes to its weight rather than admissibility.

*Qualifications*

Acer and ED&F argue that Mr. Wade's opinions are "well outside his area of professional expertise" because "he has never actually executed a 'Cum Ex' transaction of any kind, nor has he ever been involved in the oversight, execution, or approval of any 'Cum Ex' transaction."[6]

In response, plaintiff points to Mr. Wade's "nearly twenty-five years of experience in the securities industry," including twelve years working on structured equity finance transactions,

---

[3] Mem. Endorsement Mot. Exclude Wade (Dkt 1120) at 1 (quoting Fed. R. Evid. 704(a)) (alterations in original).

[4] Mem. Endorsement Mot. Exclude Wade (Dkt 1120) at 1-2.

[5] *Id.* at 2.

[6] Mem. Law Supp. Mot. Exclude Wade (Dkt 812) at 5-6.

3

which encompasses "the type of transactions underlying" Acer's and ED&F's "purported dividend arbitrage strategy" at issue.[7]

In denying the Trial 1 Defendants' motion to exclude Mr. Wade's evidence, the Court explicitly credited Mr. Wade's "financial expertise."[8] In so doing, the Court implicitly found Mr. Wade qualified to render opinions on the cum-ex trading at issue in Trial 1, which overlaps with the trading at issue here. The Court thus already rejected Acer's and ED&F's objection to Mr. Wade's qualifications. Nevertheless, assuming *arguendo* that Mr. Wade lacks relevant experience regarding cum-ex trading, Acer's and ED&F's argument still would fail because an expert's lack of experience in a specific sub-specialty of a general field in which the expert possesses expertise usually goes to the weight, rather than admissibility, of the expert's opinions.[9] Furthermore, Acer's and ED&F's failure to demonstrate that their own purported experts have experience transacting cum-ex trades belies their argument as to whether Mr. Wade requires such experience to be qualified.

*Whether Mr. Wade's Opinions Would Be Improper*

Acer and ED&F next argue that Mr. Wade's proposed testimony at times would invade the province of the jury and, at other times, invade that of the Court. They assert that Mr. Wade proposes to testify as to "what was in the minds of some or all of the participants in the transactions at issue," "foreign regulators and banking institutions," "unspecified agents and sellers and inter-dealer brokers," and "market participants generally."[10] They assert also that Mr. Wade "identif[ies] breaches of regulatory obligations," "construe[s] the statements of foreign regulatory entities," and "suggest[s] potential Danish regulatory disclosure requirements."[11]

The Court squarely rejected such arguments in denying the Trial 1 Defendants' motion to exclude Mr. Wade's evidence. There, the Court held that Mr. Wade's proposed testimony regarding the fictitious nature of the trades at issue and Trial 1 Defendants' alleged misrepresentations was based on "analysis of representative financial transactions" and "his experience with industry customs and

---

[7] Mem. Law Opp'n Mot. Exclude Wade (Dkt 848) at 9.

[8] Mem. Endorsement Mot. Exclude Wade (Dkt 1120) at 1.

[9] *See McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strength of his credentials, faults in his use of . . . a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony."); *Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 82 (2d Cir. 1997) (finding error in district court's decision to exclude "well-trained" expert "with somewhat more general qualifications").

[10] Mem. Law Supp. Mot. Exclude Wade (Dkt 812) at 8.

[11] *Id.* at 9.

4

practices."[12] The Court concluded that, "[c]ontrary to defendants' largely unwarranted assertions, these topics would be appropriate subjects of expert testimony, and Mr. Wade is qualified to opine on them."[13] Moreover, as it did in Trial 1, plaintiff represents here too that it "does not intend to proffer Mr. Wade's reports or testimony as a determination of the Defendants' state of mind or any ultimate legal issue."[14] Even if plaintiff did intend to elicit expert opinion that touched on the ultimate issue, such an "'opinion [would not be] . . . objectionable just because it [would] embrace[]' – or, at least, closely bear upon – 'an ultimate issue' to be decided by the jury."[15] Finally, were plaintiff to elicit improper expert testimony at trial, the Court could issue a limiting instruction to cabin such testimony appropriately, which would be a more suitable remedy than now excluding Mr. Wade's testimony wholesale.

*Reliability*

Finally, Acer and ED&F argue that "to the extent his conclusions purport to rest on his own experience, Mr. Wade persistently fails to explain 'how his conclusions were reached, why the conclusions have a factual basis, or how his experience is reliably applied.'"[16] Specifically, they claim that (1) Mr. Wade's definition of what constitutes a "real dividend" as opposed to a "dividend compensation payment" – also known as a "manufactured divided" – is inconsistent,[17] (2) Mr. Wade fails to establish why the so-called "non-Annex E transactions," in his view, "did not carry a right to a dividend,"[18] (3) Mr. Wade's "pricing analysis" of ED&F's cum-cum versus cum-ex trades is methodologically flawed because he failed to prove that it relied on a representative sample and generated statistically significant findings,[19] (4) Mr. Wade lacked adequate data to conclude that ED&F and its pension plan clients held insufficient shares to support the tax vouchers issued, the volume of

---

[12] Mem. Endorsement Mot. Exclude Wade (Dkt 1120) at 1-2.

[13] *Id.* at 2.

[14] Mem. Law Opp'n Mot. Exclude Wade (Dkt 848) at 3 n.5; *accord id.* at 12-13, 16.

[15] Mem. Endorsement Mot. Exclude Wade (Dkt 1120) at 1 (quoting Fed. R. Evid. 704(a)) (alterations in original).

[16] Mem. Law Supp. Mot. Exclude Wade (Dkt 812) at 5 (quoting *Lippe v. Bairnco Corp.*, 288 B.R. 678, 689 (S.D.N.Y. 2003)).

[17] *See* Mem. Law. Supp. Mot. Exclude Wade (Dkt 812) at 10-18.

[18] *Id.* at 21-22.

[19] *Id.* at 22-26.

5

trades conducted, and the associated market impact or lack thereof observed,[20] and (5) Mr. Wade lacked sufficient knowledge of how ED&F prepared the tax vouchers to conclude that the process was inconsistent with standard market practice.[21] At bottom, Acer and ED&F claim that Mr. Wade's proposed testimony is inconsistent or based on incomplete and unrepresentative data and thus is no more than *ipse dixit* that is unreliable and unhelpful to the fact-finder.

Plaintiff, in opposition, provides citations to Mr. Wade's report in which he defined "real dividends," "dividend compensation payments," and cum-ex transactions.[22] It provides citations too for where Mr. Wade described how the "non-Annex E transactions" used "a similar structure . . . , including that the defendant plans did not receive a dividend," as in the "Annex E transactions."[23] Plaintiff defends the methodology of Mr. Wade's pricing analysis[24] and the sufficiency of the data and information upon which Mr. Wade relied to form the rest of his opinions.[25]

In deciding whether to exclude Mr. Wade's testimony, the Court "must focus on the principles and methodology employed by the expert, without regard to the conclusions the expert has reached or the [Court's] belief as to the correctness of those conclusions."[26] It is only "when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached[ that] *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony."[27] Otherwise, cross-examination, introduction of contrary evidence, instruction on the burden of proof, and judgment as a matter of law are the appropriate means of attacking arguably flawed yet admissible expert testimony.[28]

Here, Mr. Wade relies primarily on his experience and knowledge of industry customs

---

[20] *Id.* at 26-29.

[21] *Id.* at 29.

[22] Mem. Law Opp'n Mot. Exclude Wade (Dkt 848) at 20-23.

[23] *Id.* at 25.

[24] *Id.* at 25-26.

[25] *Id.* at 27-29.

[26] *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.2d 256, 266 (2d Cir. 2002).

[27] *Id.*

[28] *Id.* at 267.

and practices to arrive at the definitions Acer and ED&F challenge as inconsistent. These definitions – regardless of whether they are applied consistently – are comprehensible and appear to align with how defendants' purported expert and regulators understand the same terms.[29] To the extent that Acer and ED&F disagree with these definitions or to the extent that Mr. Wade applies these definitions inconsistently, Acer and ED&F may attack Mr. Wade by cross-examination, rebuttal testimony, or both. But even the inconsistent application of otherwise sensible definitions would not merit the wholesale exclusion of Mr. Wade's testimony.

Mr. Wade relies on the same experience and market knowledge, as well as observational analysis of sets of ED&F's cum-ex and cum-cum transactions and ED&F's regulatory reports, to draw the conclusions that Acer and ED&F challenge. Although the Court need not offer an opinion as to whether those conclusions ultimately are right, the Court does not find "that there is simply too great an analytical gap between the data and the opinion[s] proffered"[30] or that Mr. Wade lacks "'good grounds' for his or her conclusions."[31] Instead, Mr. Wade's reasoning that the allegedly cum-ex nature of ED&F's transactions would be apparent in trading prices, volume, and practices is logical and his conclusions are well-grounded in fact. Again, to the extent that Acer and ED&F believe otherwise because Mr. Wade's testimony purportedly rests on inadequate or nonrepresentative data, they may find recourse in cross-examination or entering their own evidence.

\*      \*      \*

In sum, to the extent Acer and ED&F advance distinct grounds on which to exclude Mr. Wade's evidence from those argued by Trial 1 Defendants, their objections go to primarily the weight, not admissibility, of Mr. Wade's proposed testimony. The motion to exclude the proposed expert reports, opinions, and testimony of Mr. Wade (Dkt 811) is denied.

SO ORDERED.

Dated:      January 13, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[29] See Mem. Law Opp'n Mot. Exclude Wade (Dkt 848) at 20-21.

[30] Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).

[31] Amorgianos, 303 F.2d at 267 (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 746 (3d Cir. 1994)); see also Fed. R. Evid. 702 advisory committee's note to 2000 amendment (describing how non-scientific expert testimony should be evaluated based on whether it is "properly grounded, well-reasoned, and not speculative").