# Exhibit 91

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos. 18-cv-09841;
18-cv-09797; 18-cv-05374; 18-cv-08655;
18-cv-09836; 18-cv-09837; 18-cv-09839;
18-cv-10100; 18-cv-09840; 18-cv-05053;
18-cv-09838.

MASTER DOCKET

18-md-2865 (LAK)

**PLAINTIFF SKATTEFORVALTNINGEN'S REPONSES AND OBJECTIONS TO
ED&F MAN CAPITAL MARKETS, LTD.'S SECOND REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Southern District of New York (the "Local Rules"),

plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to the Second Requests for

Admission, dated October 1, 2021 (the "Requests," and each a "Request"), served by ED&F

Man Capital Markets, Ltd. ("ED&F").

**RESERVATION OF RIGHTS**

SKAT is still continuing its investigation and analysis of the facts relating to this case and

has not completed discovery or preparation for trial.  Specifically, SKAT has filed a motion to

compel ED&F to produce a properly prepared witness to testify about certain of the topics set

forth in SKAT's Federal Rule of Civil Procedure 30(b)(6) deposition notice. Accordingly, the

responses and objections set forth herein are based on documents and information currently

available to SKAT, and the responses are provided without prejudice to SKAT's right to produce

evidence of any subsequently discovered facts, documents or interpretations thereof, to modify,

change or amend its responses in accordance with Federal Rule of Civil Procedure 36, or to raise any additional objections as necessary and appropriate.

In responding to the Requests, the inadvertent identification or disclosure of information, documents or materials protected from discovery by the attorney-client privilege, joint defense or common interest protection, work-product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure, shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, documents, or materials, the subject matter thereof or the information contained therein; nor shall such inadvertent disclosure constitute a waiver of SKAT's right to object to the use of the information, document, or materials, or the information contained therein, during this or any other proceeding.  Accordingly, any response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity.

In making these responses and objections to the Requests, SKAT does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

      a.    all objections on the grounds of competency, relevance, materiality, privilege, admissibility or any other proper grounds, to the use or admissibility into evidence, in whole or in part, of any of SKAT's responses to the Requests, or the subject matter thereof;

      b.    all objections to vagueness, ambiguity, undue burden; and

      c.    all rights to object on any ground to any request for further responses to these or any other Requests, or to discovery requests involving or related to the subject matter of the Requests.

The fact that SKAT provides a response to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the admission it seeks is within the proper bounds of discovery, or that other Requests for similar admissions will be treated in a similar fashion.  Furthermore, in accordance with Federal Rule of Civil Procedure 36(b), any and all responses to the Requests provided by SKAT are for the purposes of discovery in this MDL only, and are not responses for any other purpose, nor may they be used against SKAT in any other proceeding.

## OBJECTIONS AND RESPONSES

The responses below incorporate the Reservation of Rights as if fully set forth therein.

**Request No. 1:**

Admit that at no time in or before 2015 did SKAT publicly adopt, endorse or subscribe to a definition of "beneficial ownership" under Danish domestic law.

**Response to Request No. 1:**

Denied.

**Request No. 2:**

Admit that at no time in or before 2015 did SKAT internally adopt, endorse or subscribe to a definition of "beneficial ownership" under Danish domestic law.

**Response to Request No. 2:**

Denied.

**Request No. 3:**

Admit that the Pension Plans were United States residents.

**Response to Request No. 3:**

Admitted.

**Request No. 4:**

Admit that United States residents are entitled under the United States-Denmark Double Taxation Treaty to reclaim withheld dividend tax in excess of 15% of the gross dividend they receive on shares they own, even if they are not entitled to a complete reclaim of withheld dividend tax as qualified tax-exempt entities.

**Response to Request No. 4:**

Denied.

**Request No. 5:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2012, as described in the Trade Pack with beginning Bates number ED&F-00026469:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 5:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 6:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2012, as described in the Trade Pack with beginning Bates number ED&F-00026497:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 6:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 7:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2012, as described in the Trade Pack with beginning Bates number ED&F-00026525:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

6

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 7:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 8:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2012, as described in the Trade Pack with beginning Bates number ED&F-00026553:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 8:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 9:

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2012, as described in the Trade Pack with beginning Bates number ED&F-00026581:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

8

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 9:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 10:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026596:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 10:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 11:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Cambridge Way LLC 401K Profit Sharing Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026628:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 11:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 12:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Del Mar Asset Management Saving and Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026653:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

11

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 12:**

SKAT objects to Request No. 12 as confusing and ambiguous with respect to what it means by "the relevant pension plan's ED&F account" or "the relevant pension plan's accounts." SKAT also objects to this Request as confusing and ambiguous with respect to what it means for the Del Mar Asset Management Saving and Retirement Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, denied.

**Request No. 13:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026677:

12

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 13:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 14:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Christian Hansen Holding

13

A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026700:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 14:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 15:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026723:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 15:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 16:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026746:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 16:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 17:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 27, 2013, as described in the Trade Pack with beginning Bates number ED&F-00026769:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 17:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 18:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2014, as described in the Trade Pack with beginning Bates number ED&F-00026785:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 18:**

SKAT objects to Request No. 18 as confusing and ambiguous with respect to what it means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 18 as follows:

a.    SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on November 28, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,000,000 shares of Christian Hansen Holding A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted.

c.    Denied;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.     SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on December 4, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 800,000 shares of Christian Hansen Holding A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.     Denied; and

j.     Denied.

**Request No. 19:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2014, as described in the Trade Pack with beginning Bates number ED&F-00026806:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 19:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 20:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2014, as described in the Trade Pack with beginning Bates number ED&F-00026857:

21

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 20:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 21:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Christian Hansen

22

Holding A/S for the ex-dividend date November 28, 2014, as described in the Trade Pack with beginning Bates number ED&F-00026908:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 21:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 22:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Christian Hansen Holding A/S for the ex-dividend date November 28, 2014, as described in the Trade Pack with beginning Bates number ED&F-00026960:

    a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.     ED&F did not sell the Shares until the ex-dividend date or later;

    i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 22:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 23:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00027011:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 23:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 24:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Bluegrass Investment Management LLC Retirement Plan with respect to shares of
FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack
with beginning Bates number ED&F-00027047:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

> j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 24:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 25:

> Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00027083:

> a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

> b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

> c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

> d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

> e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

> f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

> g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

> h.    ED&F did not sell the Shares until the ex-dividend date or later;

> i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 25:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 26:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00027119:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

      i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 26:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 27:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00027155:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 27:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 28:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00027191:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 28:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 29:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of FLSmidth Co. A/S for the ex-dividend date April 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00027227:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.     ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 29:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 30:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 9, 2012, as described in the Trade Pack with beginning Bates number ED&F-00034684:

    a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.  ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 30:**

  SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 31:**

  Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 9, 2012, as described in the Trade Pack with beginning Bates number ED&F-00034748:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

     e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.     ED&F did not sell the Shares until the ex-dividend date or later;

     i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 31:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 32:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 9, 2012, as described in the Trade Pack with beginning Bates number ED&F-00034786:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 32:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 33:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 9, 2012, as described in the Trade Pack with beginning Bates number ED&F-00034824:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

35

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 33:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 34:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00034862:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 34:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 35:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of

37

TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00034931:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 35:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 36:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00034993:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 36:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 37:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035061:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 37:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 38:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035130:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 38:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 39:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035199:

      a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.     ED&F did not sell the Shares until the ex-dividend date or later;

      i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 39:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 40:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by JSH Farms LLC 401K Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035267:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 40:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 41:

Admit that, for the trades underlying the application for reclaim of withholding tax made by KRH Farms LLC 401K Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035335:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.        ED&F did not sell the Shares until the ex-dividend date or later;

    i.        ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.        ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 41:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 42:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MGH Farms LLC 401K Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035403:

    a.        the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.        ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.        ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.        ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.        Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.        ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 42:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 43:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MSJJ Retirement Group Trust with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035471:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.     ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 43:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 44:

Admit that, for the trades underlying the application for reclaim of withholding tax made by SRH Farms LLC 401K Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035539:

      a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.  ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 44:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 45:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035607:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 45:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 46:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035669:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

49

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 46:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 47:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035731:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 47:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 48:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Triton Farms LLC 401K Plan with respect to shares of TDC A/S for the ex-dividend date March 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035793:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 48:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 49:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of TDC A/S for the ex-

dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035861:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 49:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 50:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00035943:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 50:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 51:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036014:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 51:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 52:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036083:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

   j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 52:</u>**

   SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**<u>Request No. 53:</u>**

   Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036154:

   a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

   b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

   c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

   d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

   e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

   f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

   g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

   h.  ED&F did not sell the Shares until the ex-dividend date or later;

   i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 53:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 54:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036223:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 54:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 55:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036294:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 55:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 56:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036363:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 56:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 57:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036434:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 57:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 58:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036505:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 58:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 59:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036539:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

63

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 59:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 60:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036573:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

64

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 60:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 61:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036607:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 61:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 62:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036641:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 62:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 63:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Carlsberg A/S for the ex-

67

dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036675:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 63:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 64:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by JSH Farms LLC 401K Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036709:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 64:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 65:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KRH Farms LLC 401K Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036742:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 65:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 66:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MGH Farms LLC 401K Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036775:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 66:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 67:

Admit that, for the trades underlying the application for reclaim of withholding tax made by MSJJ Retirement Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036808:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

72

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 67:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 68:

Admit that, for the trades underlying the application for reclaim of withholding tax made by SRH Farms LLC 401K Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036841:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

      i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 68:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 69:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036875:

      a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 69:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 70:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036908:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 70:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 71:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036942:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.     ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 71:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 72:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Triton Farms LLC 401K Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00036976:

    a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 72:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 73:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037009:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

78

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 73:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 74:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037051:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 74:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 75:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037093:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 75:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 76:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037133:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 76:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 77:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Carlsberg A/S

for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037175:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 77:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 78:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037215:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 78:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 79:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037257:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 79:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 80:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037297:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 80:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 81:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Carlsberg A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037339:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 81:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 82:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037381:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

88

     i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 82:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 83:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037415:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

     e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 83:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 84:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037449:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 84:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 85:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037483:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 85:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**<u>Request No. 86:</u>**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037517:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 86:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 87:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037551:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

93

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 87:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 88:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by JSH Farms LLC 401K Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037585:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

94

    c.       ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.       ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.       Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.       ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 88:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 89:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KRH Farms LLC 401K Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037618:

    a.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.       ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.       ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.       ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.       Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.       ED&F did not sell the Shares until the ex-dividend date or later;

i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 89:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 90:

Admit that, for the trades underlying the application for reclaim of withholding tax made by MGH Farms LLC 401K Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037651:

96

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 90:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 91:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MSJJ Retirement Group Trust with respect to shares of SimCorp A/S for the ex-

dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037684:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 91:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 92:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SRH Farms LLC 401K Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037717:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 92:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 93:**

    Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037750:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 93:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 94:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Tew Enterprises LLC Retirement Plan with respect to shares of SimCorp A/S for the
ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates
number ED&F-00037784:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

        j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 94:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 95:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037818:

        a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

        b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

        c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

        d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

        e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

        f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

        g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

        h.      ED&F did not sell the Shares until the ex-dividend date or later;

        i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 95:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 96:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Triton Farms LLC 401K Plan with respect to shares of SimCorp A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00037852:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 96:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 97:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037885:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 97:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 98:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037926:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 98:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 99:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00037967:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 99:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 100:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038008:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 100:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 101:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038049:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 101:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 102:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038090:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

109

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 102:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 103:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038131:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

110

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 103:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 104:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038172:

111

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 104:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 105:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of DSV A/S for the ex-dividend date

March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038213:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 105:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 106:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of DSV A/S for the ex-dividend date March 17, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038254:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 106:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

114

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 107:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Linden Associates Defined Benefit Plan with respect to shares of DSV A/S for the ex-dividend date March 13, 2015, as described in the Trade Pack with beginning Bates number ED&F-00038269:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 107:**

SKAT objects to Request No. 107 as confusing and ambiguous with respect to what it means for the Linden Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 107 as follows:

a.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 11, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 850,000 shares of DSV A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.     SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell 850,000 shares of DSV A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 108:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Riverside Associates Defined Benefit Plan with respect to shares of DSV A/S for the ex-dividend date March 13, 2015, as described in the Trade Pack with beginning Bates number ED&F-00038285:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 108:**

SKAT objects to Request No. 108 as confusing and ambiguous with respect to what it

means for the Riverside Associates Defined Benefit Plan to "submit[] to ED&F by email an

order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 108 as follows:

a.      SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 11, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 850,000 shares of DSV A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell 850,000 shares of DSV A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 109:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038301:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 109:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 110:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038330:

121

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 110:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 111:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of H Lundbeck A/S for the

ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038359:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 111:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 112:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038388:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 112:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 113:**

> Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038417:

> a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

> b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

> c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

> d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

> e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

> f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

> g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

> h.    ED&F did not sell the Shares until the ex-dividend date or later;

> i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

> j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 113:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 114:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Industrial Pension Group Trust with respect to shares of H Lundbeck A/S for the ex-
dividend date March 22, 2013, as described in the Trade Pack with beginning Bates
number ED&F-00038446:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 114:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 115:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by JSH Farms LLC 401K Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038475:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 115:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 116:

Admit that, for the trades underlying the application for reclaim of withholding tax made by KRH Farms LLC 401K Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038503:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 116:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 117:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MGH Farms LLC 401K Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038531:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 117:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 118:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MSJJ Retirement Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038559:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 118:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 119:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SRH Farms LLC 401K Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038587:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.     ED&F did not sell the Shares until the ex-dividend date or later;

     i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 119:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 120:

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038615:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 120:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 121:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038651:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 121:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 122:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038687:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

134

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 122:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 123:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Triton Farms LLC 401K Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 22, 2013, as described in the Trade Pack with beginning Bates number ED&F-00038716:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

135

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 123:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 124:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038744:

136

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 124:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 125:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of H

Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038791:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 125:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 126:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038811:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 126:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 127:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038860:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 127:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 128:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038911:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

> j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 128:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 129:**

> Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00038960:

> a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

> b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

> c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

> d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

> e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

> f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

> g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

> h.      ED&F did not sell the Shares until the ex-dividend date or later;

> i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 129:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 130:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039011:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 130:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 131:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039035:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 131:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 132:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039055:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

145

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 132:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 133:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of H Lundbeck A/S for the ex-dividend date March 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039075:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 133:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 134:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039095:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 134:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 135:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039139:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 135:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 136:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039183:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

149

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 136:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 137:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039221:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 137:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 138:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039265:

151

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 138:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 139:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of AP Moeller Maersk A/S for

the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039309:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 139:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 140:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039353:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 140:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 141:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00039397:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 141:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 142:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Tew LP Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-
dividend date April 12, 2013, as described in the Trade Pack with beginning Bates
number ED&F-00039441:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 142:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 143:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039485:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 143:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 144:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039532:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 144:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 145:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039577:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 145:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 146:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039624:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 146:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 147:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039669:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.     ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 147:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 148:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00039716:

      a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 148:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 149:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of TDC A/S for the ex-dividend date March 7, 2014, as described in the Trade Pack with beginning Bates number ED&F-00041180:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

163

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 149:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 150:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042261:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

164

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 150:

SKAT objects to Request No. 150 as confusing and ambiguous with respect to what it means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 150 as follows:

a.      SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on August 7, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 3,400,000 shares of TDC A/S for the plan; and states that,

165

after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      Denied;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart g. of this Request;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

166

**Request No. 151:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042334:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 151:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 152:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042424:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 152:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 153:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Central Technologies Pensions Group Trust with respect to shares of TDC A/S for the
ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates
number ED&F-00042514:

     a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

     b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

     c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

     d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

     e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

     f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

     g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

     h.    ED&F did not sell the Shares until the ex-dividend date or later;

     i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 153:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 154:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by DW Construction Inc Retirement Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042604:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 154:**

SKAT objects to Request No. 154 as confusing and ambiguous with respect to what it means for the DW Construction Inc Retirement Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 154 as follow:

a.      SKAT admits that the DW Construction Inc Retirement Plan was party to a power of attorney agreement; admits that on August 7, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 3,400,000 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      Denied;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart g. of this Request;

h.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.       Denied; and

j.       Denied.

## Request No. 155:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Federated Logistics 401(K) Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042677:

a.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.       ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.       ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.       ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 155:**

SKAT objects to Request No. 155 as confusing and ambiguous with respect to what it means for the Federated Logistics 401(K) Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 155 as follows:

    a.      Denied;

    b.      Admitted;

    c.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

      d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

      e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

      f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

      g.      Denied;

      h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

      i.      Denied; and

      j.      Denied.

**Request No. 156:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042742:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 156:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 157:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Kamco Investments Inc Pension Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042832:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 157:**

SKAT objects to Request No. 157 as confusing and ambiguous with respect to what it means for the Kamco Investments Inc Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 157 as follows:

a.   SKAT admits that the Kamco Investments Inc Pension Plan was party to a power of attorney agreement; admits that on August 7, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 3,500,000 shares of TDC A/S for the plan; and states that, after making

176

reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    Denied;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart g. of this Request;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    Denied; and

j.    Denied.

**Request No. 158:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Kamco LP Profit Sharing Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042905:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 158:**

SKAT objects to Request No. 158 as confusing and ambiguous with respect to what it

means for the Kamco LP Profit Sharing Plan to "submit[] to ED&F by email an order" "through

its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 158 as follows:

a.  SKAT admits that the Kamco LP Profit Sharing Plan was party to a power of attorney agreement; admits that on August 7, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 2,901,000 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.  Admitted;

c.  Denied;

d.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.   After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart g. of this Request;

h.   After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.   Denied; and

j.   Denied.

## Request No. 159:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Moira Associates LLC 401K Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00042978:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 159:

SKAT objects to Request No. 159 as confusing and ambiguous with respect to what it means for the Moira Associates LLC 401K Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 159 as follows:

      a.      SKAT admits that the Moira Associates LLC 401K Plan was party to a power of attorney agreement; admits that on August 7, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 3,400,000 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

      b.      Admitted;

      c.      Denied;

      d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart g. of this Request;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

**Request No. 160:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tveter LLC Pension Plan with respect to shares of TDC A/S for the ex-dividend date August 8, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043051:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 160:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 161:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date March 6, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043077:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 161:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 162:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date March 6, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043131:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

184

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 162:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 163:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of TDC A/S for the ex-dividend date March 6, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043185:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 163:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 164:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of TDC A/S for the ex-dividend date March 6, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043272:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 164:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 165:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Linden Associates Defined Benefit Plan with respect to shares of TDC A/S for the ex-

187

dividend date March 6, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043326:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 165:**

SKAT objects to Request No. 165 as confusing and ambiguous with respect to what it means for the Linden Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

188

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 165 as follows:

a.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 4, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,615,200 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      Denied;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 6, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell

1,615,200 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

**Request No. 166:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Riverside Associates Defined Benefit Plan with respect to shares of TDC A/S for the ex-dividend date March 6, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043382:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

190

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 166:**

SKAT objects to Request No. 166 as confusing and ambiguous with respect to what it means for the Riverside Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 166 as follows:

a.    SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 4, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 2,000,000 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    Denied;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

191

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 11, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell 2,000,000 shares of TDC A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

## Request No. 167:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043405:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 167:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 168:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043469:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 168:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 169:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Pandora A/S for the ex-

dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043533:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 169:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 170:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043597:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 170:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

196

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 171:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043661:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

197

**Response to Request No. 171:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 172:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Industrial Pension Group Trust with respect to shares of Pandora A/S for the ex-
dividend date March 20, 2014, as described in the Trade Pack with beginning Bates
number ED&F-00043725:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 172:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 173:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043789:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

199

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 173:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 174:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043853:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

200

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 174:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 175:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Pandora A/S for the ex-dividend date March 20, 2014, as described in the Trade Pack with beginning Bates number ED&F-00043917:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 175:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 176:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Linden Associates Defined Benefit Plan with respect to shares of Pandora A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043981:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 176:**

SKAT objects to Request No. 176 as confusing and ambiguous with respect to what it means for the Linden Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 176 as follows:

a.    SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 17, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 400,950 shares of Pandora A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    Denied;

203

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 19, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Pandora A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

**Request No. 177:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Riverside Associates Defined Benefit Plan with respect to shares of Pandora A/S for

the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00043997:

   a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

   b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

   c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

   d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

   e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

   f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

   g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

   h.   ED&F did not sell the Shares until the ex-dividend date or later;

   i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

   j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 177:**

SKAT objects to Request No. 177 as confusing and ambiguous with respect to what it means for the Riverside Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 177 as follows:

     a.     SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 17, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 300,000 shares of Pandora A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

     b.     Admitted;

     c.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

     d.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

     e.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

     f.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

206

g.    SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 24, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell 300,000 shares of Pandora A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 178:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044015:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 178:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 179:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044065:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 179:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 180:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044115:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 180:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 181:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044165:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 181:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 182:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Tryg A/S for the

ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044215:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 182:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 183:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Del Mar Asset Management Saving and Retirement Plan with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044265:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 183:**

SKAT objects to Request No. 183 as confusing and ambiguous with respect to what it means by "the relevant pension plan's ED&F account" or "the relevant pension plan's accounts."

SKAT also objects to this Request as confusing and ambiguous with respect to what it means for

213

the Del Mar Asset Management Saving and Retirement Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, denied.

**Request No. 184:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044335:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

214

**Response to Request No. 184:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 185:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by SV Holdings LLC Retirement Plan with respect to shares of Tryg A/S for the ex-
dividend date April 19, 2013, as described in the Trade Pack with beginning Bates
number ED&F-00044385:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 185:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 186:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044435:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

216

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 186:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 187:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Tryg A/S for the ex-dividend date April 19, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044485:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 187:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 188:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044535:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 188:**

SKAT objects to Request No. 188 as confusing and ambiguous with respect to what it means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 188 as follows:

a.   SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on April 2, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 50,000 shares of Tryg A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.   Admitted;

c.   After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

219

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on June 4, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Tryg A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 189:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044555:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 189:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 190:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Bluegrass Investment Management LLC Retirement Plan with respect to shares of
Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with
beginning Bates number ED&F-00044590:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 190:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 191:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044630:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

223

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 191:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 192:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044681:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 192:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 193:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044716:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.     ED&F did not sell the Shares until the ex-dividend date or later;

     i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 193:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 194:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044792:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

     e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 194:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 195:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Tryg A/S for the ex-dividend date April 4, 2014, as described in the Trade Pack with beginning Bates number ED&F-00044913:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 195:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 196:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044966:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

228

     e.       Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.       ED&F did not sell the Shares until the ex-dividend date or later;

     i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 196:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 197:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00044985:

     a.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.       ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.       ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 197:**

SKAT objects to Request No. 197 as confusing and ambiguous with respect to what it means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 197 as follows:

a.    SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on December 5, 2013 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 500,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or

can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on April 10, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 500,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

    h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

    i.      Denied; and

    j.      Denied.

## Request No. 198:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00045002:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 198:**

  SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 199:**

  Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00045087:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.  ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

233

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 199:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 200:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00045128:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

234

    i.        ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.        ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 200:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 201:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00045188:

    a.        the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.        ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.        ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.        ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.        Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.        ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.        the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 201:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 202:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00045205:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 202:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 203:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Coloplast A/S for the ex-dividend date December 6, 2013, as described in the Trade Pack with beginning Bates number ED&F-00045239:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 203:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 204:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045535:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 204:**

SKAT objects to Request No. 204 as confusing and ambiguous with respect to what it means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 204 as follows:

a.      SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on December 3, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,500,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT

knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on December 10, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 1,500,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 205:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045558:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

241

     h.     ED&F did not sell the Shares until the ex-dividend date or later;

     i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 205:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 206:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045598:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

     e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 206:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 207:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045638:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 207:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 208:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by DW Construction Inc Retirement Plan with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045678:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 208:**

SKAT objects to Request No. 208 as confusing and ambiguous with respect to what it means for the DW Construction Inc Retirement Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 208 as follows:

a.     SKAT admits that the DW Construction Inc Retirement Plan was party to a power of attorney agreement; admits that on December 3, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 600,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily

obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.     Admitted;

c.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.     SKAT admits that the DW Construction Inc Retirement Plan was party to a power of attorney agreement; admits that on December 10, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 600,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 209:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045700:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 209:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 210:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Moira Associates LLC 401K Plan with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045740:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

248

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 210:**

SKAT objects to Request No. 210 as confusing and ambiguous with respect to what it means for the Moira Associates LLC 401K Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 210 as follows:

a.    SKAT admits that the Moira Associates LLC 401K Plan was party to a power of attorney agreement; admits that on December 3, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,550,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    Denied;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Moira Associates LLC 401K Plan was party to a power of attorney agreement; admits that on December 8, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 1,550,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

## Request No. 211:

Admit that, for the trades underlying the application for reclaim of withholding tax made by The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott

Goldstein with respect to shares of Coloplast A/S for the ex-dividend date December 5, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045782:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 211:</u>**

SKAT objects to Request No. 211 as confusing and ambiguous with respect to what it means for The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

251

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 211 as follows:

a.      SKAT admits that The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein was party to a power of attorney agreement; admits that on December 3, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 350,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

    g.        SKAT admits that the The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein was party to a power of attorney agreement; admits that on December 10, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 350,000 shares of Coloplast A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

    h.        After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

    i.         After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

    j.         After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 212:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045868:

    a.        the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.        ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 212:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 213:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00045944:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 213:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 214:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046021:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 214:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 215:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Danske Bank A/S for the ex-

256

dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046114:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 215:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 216:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046190:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 216:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 217:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046347:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 217:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 218:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046531:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 218:**

  SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 219:**

  Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046762:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.  ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 219:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 220:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046839:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 220:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 221:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2014, as described in the Trade Pack with beginning Bates number ED&F-00046916:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 221:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 222:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047064:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 222:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 223:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047118:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.      ED&F did not sell the Shares until the ex-dividend date or later;

     i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 223:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 224:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047172:

     a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 224:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 225:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047261:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 225:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 226:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Linden Associates Defined Benefit Plan with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047332:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

268

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 226:**

SKAT objects to Request No. 226 as confusing and ambiguous with respect to what it means for the Linden Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 226 as follows:

    a.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,100,000 shares of Danske Bank A/S for the plan; and states that, after

making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.  Admitted;

c.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.  SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 20, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Danske Bank A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

270

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 227:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Riverside Associates Defined Benefit Plan with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047364:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

271

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 227:**

SKAT objects to Request No. 227 as confusing and ambiguous with respect to what it means for the Riverside Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 227 as follows:

a.   SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,200,000 shares of Danske Bank A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.   Admitted;

c.   After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.     SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 20, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Danske Bank A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.     After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.   After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 228:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein with respect to shares of Danske Bank A/S for the ex-dividend date March 19, 2015, as described in the Trade Pack with beginning Bates number ED&F-00047396:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 228:**

SKAT objects to Request No. 228 as confusing and ambiguous with respect to what it means for The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 228 as follows:

a. SKAT admits that The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,100,000 shares of Danske Bank A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b. Admitted;

c. After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d. After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    SKAT admits that The Goldstein Law Group PC 401(K) Profit Share Plan FBO Sheldon and Scott Goldstein was party to a power of attorney agreement; admits that on March 20, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Danske Bank A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 229:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047428:

  a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.    ED&F did not sell the Shares until the ex-dividend date or later;

  i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 229:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

277

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 230:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047516:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 230:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 231:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047532:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 231:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 232:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047621:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 232:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 233:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047710:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

     i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 233:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 234:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047799:

     a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

     e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 234:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 235:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047888:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

283

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 235:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 236:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00047977:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 236:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 237:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by JSH Farms LLC 401K Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048066:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

     e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.     ED&F did not sell the Shares until the ex-dividend date or later;

     i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 237:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 238:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KRH Farms LLC 401K Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048144:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

> d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;
>
> e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;
>
> f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;
>
> g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;
>
> h.    ED&F did not sell the Shares until the ex-dividend date or later;
>
> i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and
>
> j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 238:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 239:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MGH Farms LLC 401K Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048222:

> a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;
>
> b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

287

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 239:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 240:

Admit that, for the trades underlying the application for reclaim of withholding tax made by MSJJ Retirement Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048300:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

288

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 240:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 241:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SRH Farms LLC 401K Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048378:

289

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 241:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 242:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Novo Nordisk A/S for the

ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048456:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 242:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 243:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048520:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 243:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 244:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048586:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 244:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 245:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Triton Farms LLC 401K Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2013, as described in the Trade Pack with beginning Bates number ED&F-00048650:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

294

      j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 245:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 246:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00048781:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 246:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 247:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00048847:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 247:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 248:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00048905:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 248:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 249:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00048977:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 249:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 250:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00049035:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 250:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 251:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00049199:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 251:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 252:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KK Law Firm Retirement Plan Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00049371:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 252:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 253:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00049542:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 253:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 254:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00049598:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 254:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 255:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 21, 2014, as described in the Trade Pack with beginning Bates number ED&F-00049656:

304

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 255:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 256:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Novo Nordisk A/S for the

ex-dividend date March 20, 2015, as described in the Trade Pack with beginning Bates number ED&F-00049781:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 256:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 257:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 20, 2015, as described in the Trade Pack with beginning Bates number ED&F-00049799:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 257:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 258:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Novo Nordisk A/S for the ex-dividend date March 20, 2015, as described in the Trade Pack with beginning Bates number ED&F-00049817:

a.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.   ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.   ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.   ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.   Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.   ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.   the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.   ED&F did not sell the Shares until the ex-dividend date or later;

i.   ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.   ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 258:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 259:**

Admit that, for the trades underlying the application for reclaim of withholding tax made
by Industrial Pension Group Trust with respect to shares of Novo Nordisk A/S for the ex-
dividend date March 20, 2015, as described in the Trade Pack with beginning Bates
number ED&F-00049835:

    a.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the
Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that
the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares
into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension
plan's ED&F account the Shares that ED&F purchased and debited cash
equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant
pension plan's accounts, or if it did, it did not do so until the ex-dividend
date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to
ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian
account from the relevant Danish issuer or indirectly from the
counterparty to the purchase of the Shares, for the Shares indicated in the
Tax Voucher prepared by ED&F; and

   j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 259:**

  SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 260:**

  Admit that, for the trades underlying the application for reclaim of withholding tax made by Linden Associates Defined Benefit Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 20, 2015, as described in the Trade Pack with beginning Bates number ED&F-00049870:

   a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

   b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

   c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

   d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

   e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

   f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

   g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

   h. ED&F did not sell the Shares until the ex-dividend date or later;

   i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 260:**

SKAT objects to Request No. 260 as confusing and ambiguous with respect to what it means for the Linden Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 260 as follows:

a.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,400,000 shares of Novo Nordisk A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

311

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 20, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Novo Nordisk A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 261:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Riverside Associates Defined Benefit Plan with respect to shares of Novo Nordisk A/S for the ex-dividend date March 20, 2015, as described in the Trade Pack with beginning Bates number ED&F-00049905:

a.　the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.　ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.　ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.　ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.　Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.　ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.　the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.　ED&F did not sell the Shares until the ex-dividend date or later;

i.　ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.　ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 261:**

SKAT objects to Request No. 261 as confusing and ambiguous with respect to what it means for the Riverside Associates Defined Benefit Plan to "submit[] to ED&F by email an

order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 261 as follows:

a.      SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 20, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Novo Nordisk A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Riverside Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 13, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,400,000 shares of Novo Nordisk A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 262:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein with respect to shares of Novo Nordisk A/S for the ex-dividend date March 20, 2015, as described in the Trade Pack with beginning Bates number ED&F-00049940:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

315

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 262:**

SKAT objects to Request No. 262 as confusing and ambiguous with respect to what it means for The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 262 as follows:

a.    SKAT admits that The Goldstein Law Group PC 401(K) Profit Sharing

Plan FBO Sheldon and Scott Goldstein was party to a power of attorney

agreement; admits that on March 13, 2015 Acer Investment Group, LLC

submitted to ED&F by email an order to purchase 1,200,000 shares of

Novo Nordisk A/S for the plan; and states that, after making reasonable

inquiry, the information that SKAT knows or can readily obtain is

insufficient to enable it to admit or deny whether that email was submitted

through the plan's power of attorney;

b.    Admitted;

c.    After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart c. of this

Request;

d.    After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart d. of this

Request;

e.    After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart e. of this

Request;

f.    After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart f. of this

Request;

g.    SKAT admits that The Goldstein Law Group PC 401(K) Profit Sharing

Plan FBO Sheldon and Scott Goldstein was party to a power of attorney

agreement; admits that on March 20, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in Novo Nordisk A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 263:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075199:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

318

      d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 263:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 264:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075278:

      a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 264:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 265:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075352:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 265:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 266:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075426:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 266:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 267:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of Novozymes A/S

for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075500:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 267:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 268:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075574:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 268:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

324

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 269:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by JSH Farms LLC 401K Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075648:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 269:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 270:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by KRH Farms LLC 401K Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075720:

 a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

 b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

 c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

 d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

 e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

 f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

 g. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

 h. ED&F did not sell the Shares until the ex-dividend date or later;

 i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 270:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 271:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by MGH Farms LLC 401K Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075792:

      a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

      b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

      c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

      d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

      e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

      f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

      g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.     ED&F did not sell the Shares until the ex-dividend date or later;

      i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 271:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 272:

Admit that, for the trades underlying the application for reclaim of withholding tax made by MSJJ Retirement Group Trust with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075864:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 272:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 273:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SRH Farms LLC 401K Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00075936:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h. ED&F did not sell the Shares until the ex-dividend date or later;

i. ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j. ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 273:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 274:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00076008:

a. the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b. ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c. ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d. ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e. Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f. ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 274:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 275:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00076082:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.     ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 275:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 276:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00076156:

    a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 276:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 277:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Triton Farms LLC 401K Plan with respect to shares of Novozymes A/S for the ex-dividend date March 1, 2013, as described in the Trade Pack with beginning Bates number ED&F-00076230:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 277:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 278:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Moira Associates LLC 401K Plan with respect to shares of Novozymes A/S for the ex-dividend date February 27, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076369:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 278:**

SKAT objects to Request No. 278 as confusing and ambiguous with respect to what it means for the Moira Associates LLC 401K Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 278 as follows:

a.      SKAT admits that the Moira Associates LLC 401K Plan was party to a power of attorney agreement; admits that on February 25, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 700,000 shares of Novozymes A/S for the plan; and states that, after

335

making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Denied;

c.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    SKAT admits that the Moira Associates LLC 401K Plan was party to a power of attorney agreement; admits that on May 21, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell 700,000 shares of Novozymes A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

    h.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

    i.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

    j.       After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 279:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Linden Associates Defined Benefit Plan with respect to shares of Novozymes A/S for the ex-dividend date February 26, 2015, as described in the Trade Pack with beginning Bates number ED&F-00076404:

    a.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.       ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.       ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.       ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.       Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.       the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

      h.      ED&F did not sell the Shares until the ex-dividend date or later;

      i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

      j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 279:

SKAT objects to Request No. 279 as confusing and ambiguous with respect to what it means for the Linden Associates Defined Benefit Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 279 as follows:

      a.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on February 23, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 557,000 shares of Novozymes A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

      b.      Admitted;

      c.      Denied;

      d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the Linden Associates Defined Benefit Plan was party to a power of attorney agreement; admits that on March 5, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell 557,000 shares of Novozymes A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

## Request No. 280:

Admit that, for the trades underlying the application for reclaim of withholding tax made by The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein with respect to shares of Novozymes A/S for the ex-dividend date February 26, 2015, as described in the Trade Pack with beginning Bates number ED&F-00076422:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 280:**

SKAT objects to Request No. 280 as confusing and ambiguous with respect to what it means for The Goldstein Law Group PC 401(K) Profit Sharing Plan FBO Sheldon and Scott Goldstein to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 280 as follows:

a.      SKAT admits that The Goldstein Law Group PC 401(K) Profit Sharing

Plan FBO Sheldon and Scott Goldstein was party to a power of attorney

agreement; admits that on February 23, 2015 Acer Investment Group,

LLC submitted to ED&F by email an order to purchase 558,000 shares of

Novozymes A/S for the plan; and states that, after making reasonable

inquiry, the information that SKAT knows or can readily obtain is

insufficient to enable it to admit or deny whether that email was submitted

through the plan's power of attorney;

b.      Admitted;

c.      Denied;

d.      After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart d. of this

Request;

e.      After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart e. of this

Request;

f.      After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart f. of this

Request;

g.      SKAT admits that The Goldstein Law Group PC 401(K) Profit Sharing

Plan FBO Sheldon and Scott Goldstein was party to a power of attorney

agreement; admits that on March 5, 2015 Acer Investment Group, LLC

submitted to ED&F by email an order to sell 558,000 shares of

Novozymes A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.  Denied; and

j.  Denied.

**Request No. 281:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076440:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 281:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 282:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076487:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 282:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 283:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076534:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

344

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.     ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 283:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 284:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076597:

    a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 284:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 285:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076644:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 285:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 286:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076689:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 286:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 287:

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of D/S Norden A/S for the ex-dividend date April 24, 2014, as described in the Trade Pack with beginning Bates number ED&F-00076782:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 287:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 288:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00076918:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 288:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 289:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for

the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00076951:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 289:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 290:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Investment Management LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077003:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 290:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 291:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077055:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 291:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in the actions in which ED&F is a third party

defendant because the "reclaim of withholding tax" referenced in the Request is not the subject

of any such action.

**Request No. 292:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077090:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

> j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 292:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 293:**

> Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077142:
>
> > a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;
> >
> > b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;
> >
> > c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;
> >
> > d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;
> >
> > e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;
> >
> > f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;
> >
> > g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;
> >
> > h.    ED&F did not sell the Shares until the ex-dividend date or later;
> >
> > i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the

355

counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 293:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 294:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Del Mar Asset Management Saving and Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077194:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 294:**

SKAT objects to Request No. 294 as confusing and ambiguous with respect to what it means by "the relevant pension plan's ED&F account" or "the relevant pension plan's accounts." SKAT also objects to this Request as confusing and ambiguous with respect to what it means for the Del Mar Asset Management Saving and Retirement Plan to "submit[] to ED&F by email an order" "through its power of attorney." SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, denied.

**Request No. 295:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077273:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

     f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

     g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

     h.     ED&F did not sell the Shares until the ex-dividend date or later;

     i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

     j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 295:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 296:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Sterling Alpha LLC 401K Profit Sharing Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077325:

     a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

     b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

     c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

     d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 296:**

    SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 297:**

    Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077359:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.  ED&F did not sell the Shares until the ex-dividend date or later;

i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 297:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 298:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew Enterprises LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077411:

a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 298:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 299:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Tew LP Retirement Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 12, 2013, as described in the Trade Pack with beginning Bates number ED&F-00077463:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 299:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 300:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00077536:

362

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 300:**

SKAT objects to Request No. 300 as confusing and ambiguous with respect to what it means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 300 as follows:

a.    SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on March 28, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 1,000 shares of AP MoellerMaersk A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.    Admitted;

c.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart c. of this Request;

d.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.    SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on June 4, 2014 Acer Investment Group, LLC submitted to ED&F by email an order to sell

the plan's position in AP MoellerMaersk A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart i. of this Request; and

j.    After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart j. of this Request.

**Request No. 301:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00077551:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.       Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.       ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.       ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.       ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 301:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 302:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Bluegrass Retirement Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00077625:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

  e.  Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.  ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 302:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 303:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00077717:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.      ED&F did not sell the Shares until the ex-dividend date or later;

    i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 303:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 304:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00077791:

    a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 304:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 305:

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of AP Moeller Maersk A/S for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00077920:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.      ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.      ED&F did not sell the Shares until the ex-dividend date or later;

i.      ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.      ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

## Response to Request No. 305:

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

## Request No. 306:

Admit that, for the trades underlying the application for reclaim of withholding tax made by SV Holdings LLC Retirement Plan with respect to shares of AP Moeller Maersk A/S

for the ex-dividend date April 1, 2014, as described in the Trade Pack with beginning Bates number ED&F-00078046:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**<u>Response to Request No. 306:</u>**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 307:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by American Investment Group of NY LP Pension Plan with respect to shares of AP Moeller Maersk A/S - B for the ex-dividend date March 31, 2015, as described in the Trade Pack with beginning Bates number ED&F-00078083:

a.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.     ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.     ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.     ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.     Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.     ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.     the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.     ED&F did not sell the Shares until the ex-dividend date or later;

i.     ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.     ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 307:**

SKAT objects to Request No. 307 as confusing and ambiguous with respect to what it

means for the American Investment Group of NY LP Pension Plan to "submit[] to ED&F by

372

email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 307 as follows:

a.  SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on March 30, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to purchase 5,000 shares of AP Moeller Maersk A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.  Admitted;

c.  Denied;

d.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.  After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on April 7, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in AP Moeller Maersk A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart h. of this Request;

i.      Denied; and

j.      Denied.

**Request No. 308:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Autoparts Pensions Group Trust with respect to shares of AP Moeller Maersk A/S - B for the ex-dividend date March 31, 2015, as described in the Trade Pack with beginning Bates number ED&F-00078113:

a.      the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

b.      ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.      ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.      ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.      Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

  f.  ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

  g.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

  h.  ED&F did not sell the Shares until the ex-dividend date or later;

  i.  ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

  j.  ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 308:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 309:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Casting Pensions Group Trust with respect to shares of AP Moeller Maersk A/S - B for the ex-dividend date March 31, 2015, as described in the Trade Pack with beginning Bates number ED&F-00078186:

  a.  the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

  b.  ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

  c.  ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

  d.  ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.        Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.        ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.        the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.        ED&F did not sell the Shares until the ex-dividend date or later;

    i.        ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.        ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 309:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 310:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Central Technologies Pensions Group Trust with respect to shares of AP Moeller Maersk A/S - B for the ex-dividend date March 31, 2015, as described in the Trade Pack with beginning Bates number ED&F-00078259:

    a.        the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.        ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

    c.        ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

    d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

    e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

    f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

    g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

    h.    ED&F did not sell the Shares until the ex-dividend date or later;

    i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

    j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 310:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 311:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Industrial Pension Group Trust with respect to shares of AP Moeller Maersk A/S - B for the ex-dividend date March 31, 2015, as described in the Trade Pack with beginning Bates number ED&F-00078405:

    a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

    b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 311:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in the actions in which ED&F is a third party defendant because the "reclaim of withholding tax" referenced in the Request is not the subject of any such action.

**Request No. 312:**

Admit that, for the trades underlying the application for reclaim of withholding tax made by Kamco Investments Inc Pension Plan with respect to shares of AP Moeller Maersk A/S - B for the ex-dividend date March 31, 2015, as described in the Trade Pack with beginning Bates number ED&F-00078478:

a.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to purchase the Shares;

378

b.    ED&F placed an order to an inter-dealer broker for the purchase of the Shares ordered by the relevant pension plan;

c.    ED&F received confirmation by email from the inter-dealer broker that the Shares had been purchased;

d.    ED&F received a SWIFT message confirming the receipt of the Shares into an ED&F sub-custodial account;

e.    Prior to the ex-dividend date, ED&F credited to the relevant pension plan's ED&F account the Shares that ED&F purchased and debited cash equal to the price of the Shares;

f.    ED&F either did not rehypothecate the Shares credited to the relevant pension plan's accounts, or if it did, it did not do so until the ex-dividend date or later;

g.    the relevant pension plan, through its power of attorney, submitted to ED&F by email an order to sell the Shares;

h.    ED&F did not sell the Shares until the ex-dividend date or later;

i.    ED&F received payment for a dividend, either directly into a subcustodian account from the relevant Danish issuer or indirectly from the counterparty to the purchase of the Shares, for the Shares indicated in the Tax Voucher prepared by ED&F; and

j.    ED&F applied a credit to the relevant pension plan's ED&F account in the amount of the received dividend.

**Response to Request No. 312:**

SKAT objects to Request No. 312 as confusing and ambiguous with respect to what it means for the Kamco Investments Inc Pension Plan to "submit[] to ED&F by email an order" "through its power of attorney."  SKAT also objects to this Request as confusing and ambiguous with respect to what it means by "cash equal to the price of the Shares."

Subject to the foregoing objections, SKAT responds to each of the subparts of Request No. 312 as follows:

a.    SKAT admits that the Kamco Investments Inc Pension Plan was party to a power of attorney agreement; admits that on March 30, 2015 Acer

Investment Group, LLC submitted to ED&F by email an order to purchase 5,000 shares of AP Moeller Maersk A/S for the plan; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

b.      Admitted;

c.      Denied;

d.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart d. of this Request;

e.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart e. of this Request;

f.      After making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny subpart f. of this Request;

g.      SKAT admits that the American Investment Group of NY LP Pension Plan was party to a power of attorney agreement; admits that on April 7, 2015 Acer Investment Group, LLC submitted to ED&F by email an order to sell the plan's position in AP Moeller Maersk A/S; and states that, after making reasonable inquiry, the information that SKAT knows or can readily obtain is insufficient to enable it to admit or deny whether that email was submitted through the plan's power of attorney;

h.   After making reasonable inquiry, the information that SKAT knows or can

readily obtain is insufficient to enable it to admit or deny subpart h. of this

Request;

i.   Denied; and

j.   Denied.


Dated: New York, New York
       October 29, 2021

HUGHES HUBBARD & REED LLP

By:___/s/ Neil J. Oxford_____
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
  One Battery Park Plaza
  New York, New York 10004-1482
  Telephone: (212) 837-6000
  Fax:  (212) 422-4726
  bill.maguire@hugheshubbard.com
  marc.weinstein@hugheshubbard.com
  neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*