# Exhibit 23




Intern Revision

Østbanegade 123
2100 København Ø

Telefon 7222 1818

internrevision@skat.dk
skat@skat.dk

30. januar 2006
J.nr. 05-0721-006524

Thomas Bugge Hansen

thomas.hansen@skat.dk
Direkte 723 76679

Årsplansnummer: 05-022

Told- og Skattedirektør
Ole Kjær

# Revision af udbytteskatteadministrationen ved Skattecenter Ballerup

## 1. Indledning

Intern Revision har i perioden oktober 2005 til november 2005 gennemført revision af udbytteskatteadministration ved Skattecenter Ballerup.

Udbytteskatteadministrationen, Skattecenter Ballerup, varetager (landsdækkende):

- tastningen af selskabers udlodninger - angivelse (normalt 1 gang om året)
- tastningen af RKO indberetninger – manuelle indberetninger om udlodning fra unoterede selskaber
- refusion af for meget indeholdt udbytteskat
- registrering af betaling af udbytteskat
- årlig udbytteskattekontrol
- royalty erklæringer i forbindelse med royaltyskat, herunder modtagelse af indbetalinger mv. af royaltyskat
- renteskat erklæring i forbindelse med renteskat, herunder modtagelse af indbetalinger mv. ifm. renteskat

Revisionen blev foretaget af revisorerne: Tina Laustsen, Jane Hegvald, Thomas Bugge Hansen.

## 2. Revisionsmål

At afdække om behandlingen af udbytteskat mv. sker på en tilfredsstillende måde i udbytteskatteadministrationen ved Skattecenter Ballerup. Dvs.:

- at der er tilstrækkelig dokumentation for de foretagne registreringer og bogføringer
- at de fastlagte interne kontroller udføres
- at kun autoriserede personer har adgang til udbetaling mv.
- at de manuelle ekspeditionsgange herunder afstemning omkring udbytteskat mv. er korrekte
- at udbytteskattekontrol mv. foregår på en tilfredsstillende måde



Confidential Pursuant to Protective Order

- at sagsbehandling omkring udbytteskat mv. varetages på en tilfredsstillende måde

**3. Afgrænsninger**
Revisionen omfatter ikke revision af IT-systemer.

## 4. Metode

Revisionen er gennemført ved:

- Interview med centrale ledere og medarbejdere
- Scanning af debitorer, interims- og ventekonti
- Stikprøvevis kontrol af grundbilag er registreret korrekt
- Gennemlæsning af vejledninger, organisationsplaner mv.
- Stikprøvekontrol af interne kontroller vedrørende udbytte- rente- og royaltyskat herunder langtekst
- Gennemgang af udbytteskattekontrollens tilrettelæggelse
- Gennemgang af sagsbehandling i udvalgte sager

Undersøgelsen har som udgangspunkt omfattet perioden 1. januar 2005 til 30. september 2005.

Rapporten har været forelagt Skattecenter Ballerup, hvis bemærkninger er indarbejdet med kursiv i rapporten.

## 5. Revisionens resultat

Det er Intern Revisions vurdering, at Skattecenter Ballerup varetagelse af opgaven udbytteskat mv. er tæt på at være på et tilfredsstillende niveau. Intern Revision har 2 gange indenfor de sidste 5 år revideret udbytteskatteadministrationen, og kan denne gang konstatere, at der er sket væsentlige fremskridt, bl.a. er renteberegning og rykning kort for inden Intern Revisions besøg blevet foretaget. Intern Revision finder desuden, at udbytteskatteadministrationen har ydet en stor indsats med at gøre opmærksom på de problemer, der er/har været. Problemerne er beskrevet i Udbytteskatteadministrationens notat af 16. marts 2005, som er udgangspunkt for en arbejdsgruppe, som har set på problemerne ifm. udbytteskat.

Intern Revision har konstateret følgende:

1. Registreringer og bogføringer foretages på en veldokumenteret og tilfredsstillende måde.

2. De interne kontroller foretages på en tilfredsstillende måde. Dog er de obligatoriske interne kontrolpunkter 06.01.53 (Opfølgning på interimslisten) og 06.01.71 (Opfølgning på åbentstående indbetalinger på debitorkonti) ikke valgt (afløser 06.01.18). Desuden bør der ved kontrol af bankafstemning (06.01.002) også ses på kontoudtog fra bank, således, at der ved denne interne kontrol ses, at der er foretaget afstemning mellem bank og regnskabet (SAP).

*Udbytteskatteadministrationens kommentar: Områdets procedure for ajourføring af kontrolpunkter havde fejlagtigt ikke sikret, at kontrolpunkterne blev valgt.*

3. Intern Revision finder det tilfredsstillende, at der kort forinden revisionsbesøget var gennemført den første automatiske renteberegning og rykning, således, at alle debitorer er rykket. Der var ikke ved sidste besøg i 2002, og heller ikke i den mellemliggende periode foretaget rykning og renteberegning for alle debitorer. Udbytteskatteadministration forklarer, at det er planlagt, at der hver anden måned foretages automatisk renteberegning og rykning. For de debitorer, der ikke var rykket i en længere periode, har udbytteskatteadministrationen valgt alene at opkræve renter for de sidste 3 måneder inden rykkere blev sendt ud.

4. Intern Revision finder det ikke tilfredsstillende, at en række krav ikke er forsøgt inddrevet i en periode på over 2 år. Således er nogle krav ikke længere mulig at inddrive, da selskabet er gået konkurs. Desuden finder Intern Revision, at gamle debitorforhold bør gennemgås for om dokumentation for forholdet eksisterer, da der jf. pkt. 9 har været problemer med journaliseringen. Når anden rykkerkørsel jf. ovennævnte køres, forventer udbytteskatteadministrationen at en normal inddrivelsesprocedure vil være etableret, hvorefter krav løbende inddrives og afskrives mv. Intern Revision finder det tilfredsstillende, at forholdet er tæt på at blive løst.

   *Udbytteskatteadministrationens kommentar: Udbytteskatteadministrationen har efter 1. rykkerbrev løbende sendt krav til inddrivelse i selskabernes hjemregion. Derfra er der ikke altid modtaget information om inddrivelsen og dens resultat. Selskaber kan være ophæver/afmeldt uden at dette er oplyst for udbytteskatteadministrationen. Der har ikke tidligere været kapacitet til selv at undersøge disse forhold grundet den fortsatte stigning i antallet af udloddende selskaber, men med den automatiske rykning vil der fremover være mulighed for på eget initiativ at undersøge de selskaber, som man trods det at krav er sendt til inddrivelse ikke har fået tilbagemelding om indenfor en rimelig tid. Nogle konkurssager løber over mange år og kan derfor ikke afsluttes.*

5. At kun autoriserede personer har adgang til udbetaling mv., herunder at der er korrekt funktionsadskillelse.

6. At de manuelle ekspeditionsgange herunder afstemning omkring udbytteskat mv. er korrekte.

7. At udbytteskattekontrol ikke har kunnet gennemføres på tilfredsstillende måde som følge af, at der ikke har været tilfredsstillende systemunderstøttelse. Det må forventes at komme på plads med beslutningen om at indføre 3S pr. 1. januar 2006.

8. Gennemgangen af de udvalgte sager viser, at der i det hele foretages en tilfredsstillende sagsbehandling på området. Det skal dog bemærkes, at

der i enkelte sager blev konstateret manglende udsendelse af kvitterings-skrivelse. Ligeledes var der ikke udbetalt rentegodtgørelse i samtlige de sager, hvor tidsfristen for udbetaling af tilbagesøgt udbytteskat var overskredet, og der var ikke i sagerne anført begrundelse for den manglende rentegodtgørelse.

*Udbytteskatteadministrationens kommentar: Den vanskelige journalgang har været medvirkende til dette forhold. Se næste punkt.*

9. Udvælgelse af sager til gennemgang er foretaget på baggrund af udsøgning i Scanjour. Ved at sammenholde udsøgningen med de fremlagte sager blev det konstateret, at der ikke foretages en systematisk journalisering af akter, ligesom der i en del afsluttede sager foreligger aktere, der ikke er journaliseret. Journalisering af sager foretages under Nærum, uagtet udbytteskatteadministrationen er flyttet til Ballerup. Det gør det besværligt at overholde journalvejledningens foreskrifter. Det ses blandt andet ved, at sager oprettes og lukkes samme dato, selvom der kan være en længere periode mellem første og sidste akt. Dette gør, at udsøgning af sager til intern kontrol ikke umiddelbart kan foretages i Scanjour. Ved revisionsbesøget var der enkelte af de udsøgte sager, der ikke var fundet frem, og på grund af den mangelfulde journalisering, samt at sagerne fysisk opbevares i Nærum, har det ikke været muligt at belyse sagens sammenhæng, herunder om der eventuelt er tale om en fejloprettelse.

   *Udbytteskatteadministrationens kommentar: Skattecentret har nu fokus på området, så det sikres, at journaliseringsforskrifterne overholdes. Det forventes samtid, at implementeringen af ESDH i foråret 2006 medfører en række fordele/nye muligheder.*

10. Intern Revision finder det ikke tilfredsstillende, at der mangler besvarelse fra Hovedcenteret mht. 0-stilling. Det drejer sig om, hvorvidt det er tilladt at slette selvangivet ikke betalt udbytteskat ved konkursramte selskaber, så eneejer ikke får godskrevet udbytteskat. Udbytteskatteadministrationen oplyser, at Hovedcenteret ikke har svaret på, om en sådan nulstilling er tilladt. Intern Revision vil følge op på forholdet.

11. Intern Revision finder det ikke tilfredsstillende, at der i visse situationer er muligt for modtagere af udbytte at få udbetalt udbytteskat, selvom der ikke til SKAT er indbetalt den indeholdte udbytteskat af det udbyttebetalende selskab. Udbytteskatteadministrationen oplyser, at ændring af dette forhold kræver ændring i lovgivningen. (for nærmere oplysning se Udbytteskatteadministrationens notat af 16. marts 2005).

## 6. Revisionens anbefaling

Intern Revision indstiller, at rapporten behandles i Fagligt koordineringsudvalg, herunder ikke mindst, at punkt 5.11 drøftes.

Med venlig hilsen

Mads Blokhus Thomas Bugge Hansen



Confidential Pursuant to Protective Order 

**SKAT**

Internal Audit

Østbanegade 123
DK-2100 Copenhagen Ø

Tel. +45 7222 1818

internrevision@skat.dk
skat@skat.dk

20 January 2006
Our ref. 05-0721-008524

Thomas Bugge Hansen

thomas.hansen@skat.dk
Direct +45 723 76679

Annual plan no. 05-022

Ole Kjær,
Customs and Tax Manager

**Audit of the dividend tax administration at Tax Centre Ballerup**

## 1. Introduction

In the period October 2005 to November 2005, the Internal Audit department has performed an audit of the dividend tax administration at Tax Centre Ballerup.

The dividend tax administration's, Tax Centre Ballerup's, tasks (national):

- entry of corporate distributions – declaration (usually once a year)
- entry of RKO reporting – manual reporting of distributions from unlisted companies
- refunds of excess withheld dividend tax
- registration of payment of dividend tax
- annual dividend tax control
- royalty statements relating to royalty tax, including receipt of payments etc. of royalty tax
- interest tax statement relating to interest tax, including receipt of deposits etc. in connection with interest tax.

The audit was performed by the auditors: Tina Laustsen, Jane Hegvald, Thomas Bugge Hansen.

## 2. Audit objective

To identify, whether dividend tax etc. is handled satisfactorily in the dividend tax administration at Tax Centre Ballerup. That is:

- that sufficient documentation exists for the registrations and entries made
- that the established internal controls are performed
- that only authorised persons have access to payment etc.
- that the manual administration processes, including dividend tax reconciliation, are correct
- that dividend tax control etc. is performed satisfactorily



Confidential Pursuant to Protective Order 

- that dividend tax cases etc. are processed satisfactorily

**3. Limitations**
The audit has not included audit of IT systems.

**4. Method**
The audit was performed using:

- Interviews with central managers and employees
- Scanning of debtors, suspense and temporary accounts
- Spot checks of basic vouchers have been registered correctly
- Reading of manuals, organisation charts etc.
- Spot checks of internal controls relating to dividend, interest and royalty taxes, including long texts
- Review of the organisation of the dividend tax control
- Review of the processing of certain cases

The point of departure for the audit was the period 1 January 2005 to 30 September 2005.

The report has been submitted to Tax Centre Ballerup, the comments from which have been incorporated in italics in the report.

**5. Audit results**
Internal Audit believes that Tax Centre Ballerup's performance of the task relating to dividend tax etc. has been close to satisfactory. Internal Audit has audited the dividend tax administration twice within the last five years and this time finds that substantial progress has been made. Among other things, interest rate computation and submission of reminders were effected shortly before Internal Audit's visit. Internal Audit furthermore finds that the dividend tax administration has made great efforts to draw attention to the existing/previous issues. The issues are described in the dividend tax administration's note of 16 March 2005 which forms the basis of a task force that has examined the issues in relation to dividend tax.

Internal Audit has found that:

1. Registrations and entries are made in a well-documented and satisfactory manner.

2. Internal controls are performed in a satisfactory manner. However, the mandatory internal control items 06.0153 (follow-up on the suspense list) and 06.01.71 (follow-up on open payments to debtor accounts) have not been selected (replace 06.01.18). Furthermore, in the control of bank reconciliation (06.01.002), bank statements should also be considered to ensure that the internal control shows that the bank and the financial statements have been reconciled (SAP).



Confidential Pursuant to Protective Order

*Comment from the dividend tax administration: The procedure for updating control items in this area had mistakenly not ensured that the control items were selected.*

3. Internal Audit finds it satisfactory that the first automatic interest computation and reminder process had been performed shortly before the audit visit, ensuring that all debtors had received reminders. At the time of the previous visit in 2002 and in the interim period, reminder processes and interest computations had not been performed for all debtors. The dividend tax administration explains that automatic interest computation and reminder processes have been planned to take place every other month. For the debtors who had not received a reminder for a longer period of time, the dividend tax administration has chosen to collect only interest for the last three months before reminders were sent out.

4. Internal Audit finds that it is not satisfactory that it has not been attempted to collect a number of claims within a period of more than two years. Hence, it is not possible to collect certain claims because the company has become insolvent. Furthermore, Internal Audit finds that old debtor relations should be reviewed to see if the documentation for the relations exist, as recording has been an issue, cf. para 9. In connection with the second round of reminders, cf. above, the dividend tax administration expects that a normal collection procedure has been set up, and claims will be collected and written off on an ongoing basis. Internal Audit finds it satisfactory that this situation is close to being resolved.

*Comment from the dividend tax administration: After the first reminder, the dividend tax administration has regularly sent claims for collection in the companies' home region. The administration has not always been notified about the collection and its results. Companies may have been terminated/deregistered without the dividend tax administration having been notified. There was previously not any capacity to investigate these issues due to the continued increase in the number of distributing companies, but the automatic reminder process will make it possible to initiate investigations of the companies that have not reported back within reasonable time, despite the claim having been submitted for collection. Some insolvency cases run for many years and cannot be closed.*

5. That only authorised persons have access to payment etc., including that functions have been separated properly.

6. That the manual administration processes, including dividend tax reconciliation etc., are correct

7. That dividend tax control has not been satisfactorily performed as a result of the lack of satisfactory system support. This is expected to be in place with the decision to introduce 3S from 1 January 2006.

8. The review of the selected cases shows that the case handling process in the area is generally satisfactory. It should be noted, however, that in individual

cases, no receipt had been submitted. Similarly, no interest subsidy had been paid in any of the cases in which the time limit for the payment of requested dividend tax refund had been exceeded and there was no justification for the lack of interest subsidy in these cases.

*Comment from the dividend tax administration: The difficult recording process has contributed to this. See next paragraph.*

9. Cases for review were selected based on a search in Scanjour. By comparing the search with the cases submitted, it was found that files are not recorded systematically, and in the closed cases, certain files have not been recorded. Cases are recorded by Nærum, notwithstanding that the dividend tax administration has moved to Ballerup. This makes it difficult to comply with the regulations of the recording guidelines. This can be seen, among other things, in that cases are opened and closed on the same date, even though there may be a longer period of time between the first and the last file. Consequently, it is not immediately possible to search for cases for internal control in Scanjour. During the audit visit, some of the searched cases had not been found, and due to the insufficient recording and the fact that the cases are physically stored in Nærum, it has not been possible to shed light on the case, including whether or not it has been opened incorrectly.

*Comment from the dividend tax administration: The tax centre is now focused on this area to ensure compliance with the recording regulations. At the same time, it is expected that the implementation of ESDH in the spring of 2006 will bring a number of benefits/new opportunities.*

10. Internal Audit does not find it satisfactory that the main centre has not responded as regards resetting. The question is whether it is allowed to delete self-declared unpaid dividend tax in the event of insolvent companies so that the sole owner is not credited with dividend tax. The dividend tax administration states that the main centre has not responded whether or not such a reset is allowed. Internal Audit will follow up on this.

11. Internal Audit does not find it satisfactory that in certain situations, it is possible for dividend recipients to receive dividend tax, even if the company paying the dividend has not paid the withheld dividend tax to SKAT. According to the dividend tax administration, a change in this respect requires a change in legislation (for further information, see the dividend tax administration's note of 16 March 2005).



Confidential Pursuant to Protective Order SKAT_MDL_001_00281025_T

**6. Internal Audit's recommendation**

Internal Audit recommends that the report be discussed in the coordination committee, including, not least, para 5.11.

Kind regards,

Mads Blokhus Thomas Bugge Hansen